**UNITED STATES of America**

v.

**Lan DANG, a/k/a Uncle, Lan Dang, Appellant.**

**No. 08–4335.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Dec. 15, 2009.

Filed Jan. 25, 2010.

---

Robert J. Livermore, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Mark S. Greenberg, Esq., Lacheen Wittels & Greenberg, Philadelphia, PA, for Appellant.

Before: SLOVITER, JORDAN and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

Evidence at the defendant's trial demonstrated that defendant and his associates imported and distributed, or attempted to distribute, 138,000 MDMA ("ecstacy") pills

and laundered $190,000. The jury found defendant guilty of count I, conspiracy to import ecstacy, in violation of 21 U.S.C. § 963; count II, importation of ecstacy, in contravention of 21 U.S.C. § 952(a) and §§ 960(a) and (b); and count IV, conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). The District Court sentenced defendant to 180 months on count I; a consecutive 120 months on count II; and a consecutive 180 months on count IV, making the total sentence 480 months' imprisonment. In addition, supervised release and a fine were imposed.

## I.

■ Defendant contends on appeal that the District Court erred in permitting the government to introduce charts that included information unrelated to the underlying documents and which referred to defendant as "Uncle." We disagree.

The government had to rely on circumstantial evidence to show that defendant was known as "Uncle" and was the supplier of the pills. The government's evidence consisted of, among other things, the interfamilial relationships among many of those involved in the transactions, photographs of the participants, cell phone records of various conspirators, and transcripts of intercepted telephone calls.

The documentation was extensive, and in presenting its case, the government utilized charts containing photographs of alleged conspirators, telephone numbers, the number of contacts, and dates when calls occurred. These factors were used to show communications among the conspirators, and captions in the charts designated criminal transactions, the dates that those transactions took place, and a photograph of defendant by name and as "Uncle." A special agent testified about preparation of the charts and the documentary source of the information they presented.

The District Court instructed the jurors on the use of charts and later specifically noted that they were to resolve whether defendant was "Uncle." Admission of the charts for consideration by the jury was at the discretion of the trial court. *See United States v. Starnes*, 583 F.3d 196, 213–14 (3d Cir.2009). We find no error in the admission here. *See id.* at 214 ("[w]e will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view"); *see also United States v. Velasquez*, 304 F.3d 237, 240 (3d Cir.2002) ("[t]he use of summaries and charts is proper and may be put before a jury with limiting instructions").

## II.

■ The government called Tram "Sara" Nguyen as a witness to identify a photograph of defendant as her uncle. On taking the stand, Sara invoked the Fifth Amendment. The prosecution then read to the jury a court order granting immunity to Sara. Defendant contends that he was prejudiced by this procedure because the government knew in advance that the witness would invoke the Fifth Amendment and the immunity order was signed by the district judge and conveyed that Sara's testimony "may be necessary to the public interest." Trial counsel did not object and, therefore, we review the matter for plain error. *United States v. Boone*, 279 F.3d 163, 174 n. 6 (3d Cir.2002).

Defense counsel had the opportunity to cross-examine the witness on the details of her initial refusal to testify and her compliance with the grant of immunity. The jury was instructed to examine and weigh her testimony "with greater care than the testimony of" a non-immunized witness in determining her credibility. It matters not whether the information was presented

by the government or the defense in this case. There was no prejudice to the defendant and no error, let alone plain error, in the admission of this testimony. *See United States v. Crouch,* 528 F.2d 625, 632–33 (7th Cir.1976) (where a government witness invoked the Fifth Amendment and was subsequently given immunity, no "impermissible inferences could have been drawn ... since the witness took the stand, testified, and was the subject of rather extensive cross-examination").

## III.

■ Defendant finally contends that the sentence of 480 months' incarceration imposed on him was unreasonable in view of the fact that he had no prior criminal history and his co-defendants, who were career criminals, received less severe sentences.

The maximum Guideline sentence that could be imposed in this case was 720 months. Defense counsel argued ably and at length in the District Court that the maximum punishment was not appropriate. He noted that although conspiracy and its substantive offense are separate crimes, generally it is inappropriate to impose consecutive sentences for the two counts. *See* 28 U.S.C. § 994(*l*)(2). Moreover, two codefendants each received 360 months terms of imprisonment.

The Court pointed out that defendant was a leader in the operation, that a very large number of pills had been imported, and that defendant had also obstructed justice. In addition, the Court reviewed the factors listed in 18 U.S.C. § 3553 and concluded that the sentence was in accordance with those requirements. The Court noted its obligation to give strong consideration to the Guidelines.

It is not our function to consider what sentence we would impose here. *See United States v. Wise,* 515 F.3d 207, 218 (3d Cir.2008) ("[w]e may not reverse the district court simply because we would have imposed a different sentence"). The District Court heard the evidence on the scope of the illegal activities and exercised its discretion. We defer to that discretion where the District Court committed no error in its calculations. *See United States v. Tomko,* 562 F.3d 558, 568 (3d Cir.2009) ("absent any significant procedural error, we must 'give due deference to the district court's determination that the § 3553(a) factors, on a whole,' justify the sentence" (citation omitted)). We see no basis for a finding of error, particularly here where the Court had the opportunity to assess the legality of the sentence under § 3553.

Accordingly, we will affirm the Judgment of the District Court.